**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **10-00377-jw**

### ORDER SUSTAINING OBJECTION TO EXEMPTION

The relief set forth on the following pages, for a total of 10 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/16/2010**



*John E Waites*

Chief US Bankruptcy Judge
District of South Carolina

Entered: 08/17/2010

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 10-00377-JW |
| William Seymour and<br>Kathleen M. Seymour,<br><br>                                    Debtors. | Chapter 7<br><br>**ORDER SUSTAINING OBJECTION TO EXEMPTION** |

THIS MATTER comes before the Court on an Objection to Exemption ("Objection") filed by the Chapter 7 Trustee, Michelle L. Vieira ("Trustee"). The Trustee objects to the exemption claimed by the Debtors in a 2002 Ford Super Duty F-250 Lariat truck ("Truck"), which was transferred from William Seymour ("Husband") to Kathleen Seymour ("Wife") (collectively, "Debtors") five days before Debtors filed this joint case. The Trustee asserts that the transfer is fraudulent against creditors and therefore the exemption should be disallowed. In their Response to the Objection, Debtors assert that the transfer of the Truck was permissible pre-bankruptcy exemption planning. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, which is made applicable to this contested matter by Fed. R. Bankr. P. 7052 and 9014.[1]

**FINDINGS OF FACT**

1.  On January 20, 2010, Debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Simultaneously with the petition, Debtors filed their Schedules and Statements in which they disclosed the Truck as the Wife's vehicle.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

2.    Schedule B further disclosed a 2006 Lexus RX 330 Sport Utility as the Husband's vehicle.

3.    In Schedule C, Debtors claimed an exemption in the amount of $5,150.00 in the Truck for the Wife and an exemption in the amount of $5,150.00 in the Lexus for the Husband pursuant to S.C. Code Ann. § 15-41-30(A)(2).  In Schedule C, Debtors disclosed that the value of the Truck without deducting the exemption is $5,800.00.

4.    The Statement of Financial Affairs disclosed that on January 15, 2010, just five (5) days prior to the filing of the joint bankruptcy petition, the Truck was transferred from the Husband as title holder to the Wife, for no consideration.

5.    The first Meeting of Creditors was held on February 26, 2010, during which the Trustee questioned Debtors regarding the transfer of the Truck.  The entire meeting was transcribed by a certified court reporter.[2]

6.    The transcript of the Meeting of Creditors indicates the Truck was transferred to enable the Wife to claim an automobile exemption to which the Husband would not otherwise be entitled, and therefore remove the value of the truck from the reach of his creditors.

7.    On March 1, 2010, the Trustee timely objected to the claim of exemption in the Truck on the basis that the transfer constitutes a fraudulent conveyance against creditors.

8.    On March 8, 2010, Debtors filed a Response that admitted the facts surrounding the transfer.  However, Debtors argue that the transfer is permissible pre-bankruptcy exemption planning.

---

[2]    The parties have stipulated that the transcript of the Meeting of Creditors would be tendered to the Court as admissible evidence and could be argued by the parties.  The sealed transcript has been provided to the Court.

9. By Consent Order entered on May 4, 2010, the Trustee and Debtors' counsel stipulated to the procedure to determine the Trustee's Objection to Exemption.

10. Based upon the evidence presented, the Court finds the transfer of the Truck by the Husband was made with an actual intent to hinder, delay, or defraud creditors.

## **CONCLUSIONS OF LAW**

The issue before the Court is whether Debtors may properly claim an exemption in property transferred from the Husband to the Wife for no consideration five days prior to their filing of a joint Chapter 7 case, where such transfer was made for the purpose of creating an exemption in the property in order to prevent the collection of its value by creditors. Since the Trustee is the objecting party, she bears the burden of proving that the exemption was not properly claimed. See Fed. R. Bankr. P. 4003(c). The Trustee asserts that the transfer is a fraudulent conveyance under 11 U.S.C. § 548(a)(1)[3], and as such, the property transferred could not be the basis for an allowable exemption for the transferee pursuant to S.C. Code Ann. § 15-41-30(A)(2). Debtors rely upon a prior decision of this Court, In re Jones, 397 B.R. 765 (Bankr.D.S.C. 2008), a case based largely upon § 522(o),[4] and other cases for the proposition

---

[3] Further references to the United States Bankruptcy Code shall be by code section only.

[4] Section 522(o) provides in pertinent part:
> [T]he value of an interest in-
> (1) real or personal property that the debtor or a dependent of the debtor uses as a residence; [or]
> ...
> (4) real or personal property that the debtor or a dependent of the debtor claims as a homestead
> ...
> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of filing of the petition **with the intent to hinder, delay, or defraud a creditor** and that the debtor could not exempt or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

3

that a transfer of property for the purpose of maximizing a debtor's exemptions is allowable absent extrinsic evidence of fraud.

In <u>Jones</u>, immediately prior to filing their joint petition, the Chapter 7 debtors changed their residence from a larger house, which they surrendered to foreclosure, to a smaller house on a separate property that they had occupied previously, in order to maximize their homestead exemption. Both houses were owned by the husband debtor, and there was no pre-petition transfer of property between the debtors. The Chapter 7 trustee objected to the debtors' claim of a homestead exemption in the smaller house and in another jointly owned parcel of land which was necessary to gain access to the smaller house. The Court held that a debtor's conversion of non-exempt property to exempt property on the eve of bankruptcy for the express purpose of placing the property beyond the reach of creditors without the actual intent to defraud creditors was permissible. <u>Id.</u> at 770 (citing <u>In re Evans</u>, 334 B.R. 148, 152 (Bankr.D.Md. 2004)). To determine if fraud existed, the Court looked for badges of fraud to determine whether the debtors acted with "intent to hinder, delay, or defraud" creditors under § 522(o). <u>See id</u>. The Court also noted that "there must appear in evidence some facts or circumstances which are extrinsic to the mere facts of conversion of non-exempt assets into exempt and which are indicative of such fraudulent purpose." <u>Id</u>. (quoting <u>In re Addison</u>, 540 F.3d 805, 811 (8th Cir. 2008)). The debtors' homestead exemption was allowed after the Court considered the debtors' intent to downsize and to live within their means by moving to a smaller house, that the debtors, or at least one of them, were the owners of the subject property at all times, and that the debtors had formerly resided in the smaller house.

In a denial of discharge action involving a transfer of property between spouses and claim of homestead exemption in bankruptcy, the Fourth Circuit Court of Appeals held: "Mere

4

conversion of property from non-exempt to exempt on the eve of bankruptcy-even though the purpose is to shield the asset from creditors-is not enough to show fraud." Ford v. Poston (In Re Ford), 773 F.2d 52, 54 (4th Cir. 1985) (citing First Texas Savings Ass'n v. Reed, 700 F.2d 986, 991 (5th Cir. 1983)). However, this right of conversion is qualified if there is "*extrinsic* evidence of actual intent to defraud creditors." Id. (citing First Texas Savings Ass'n, 700 F.2d at 990. "Extrinsic evidence of fraud . . . can be comprised of conduct intentionally designed to materially mislead or deceive creditors about a debtor's position; conveyances for less than fair value; or continued retention, benefit, or use of property allegedly conveyed together with evidence that conveyance was for inadequate consideration." In re Weldon, 184 B.R. 710, 713 (Bankr. D.S.C. 1995) (citing In re Johnson, 880 F.2d 78, 82 (8th Cir. 1989)).

Initially, the Court observes that this case is distinguishable from Jones, 397 B.R. 765. First, while Jones considered the application of § 522(o) to debtors' homestead exemption in their residence, § 522(o) does not formally apply to the case at hand.[5] Additionally, in this case the Husband transferred his non-exempt property to another party, rather than converting property from nonexempt to exempt status within his own estate. In that way, § 548(a)(1) appears directly applicable to this case. The fact that the transfer was to the Wife who later filed a joint petition offers no protection. While joint administration of a jointly filed case combines

---

[5] In the context of §522(o), since Congress did not provide any guidance regarding the construction of the phrase "with the intent to hinder, delay, or defraud," numerous bankruptcy courts have looked to the body of case law construing §§ 548(a)(1) and 727(a)(2) to determine the meaning of such phrase. See Addison, 540 F.3d at 811 (relying upon case law interpreting §§ 548(a)(1)(A), and 727(a)(2) to determine whether a debtor's actions were taken with the intent to hinder, delay or defraud creditors for purposes of considering a trustees' objections to exemption under § 522(o)); In re Agnew, 355 B.R. 276, 284 (Bankr. D. Kan. 2006) (same); In re Maronde, 332 B.R. 593, 599 (Bankr.D.Minn. 2005) (same); In re Fehmel, No. 07-60831, 2008 WL 2151797, at *7 (Bankr.W.D.Tex. May 22, 2008) ("The phrase 'with the intent to hinder, delay, or defraud a creditor' contained in § 522(o) is a term that is not defined in [§ 727(a)(2)]…and § 548(a)(1)(A)…. Therefore, in interpreting the meaning of the phrase contained in § 522(o), it is appropriate to look to case law interpreting [§§ 727(a)(2) and 548(a)(1)(A)]").

the estates for administrative matters by using a single docket, it does not merge assets and liabilities. See In re Bridges, C/A No. 91-05122-B, slip op. at 11 (Bankr. D.S.C. Jul. 7, 1993) (citing In re Parkway Calabasas, Ltd., 89 B.R. 832, 836-837 (Bankr. C.D.Cal. 1988)). Accordingly, there was no merging of assets and liabilities of the joint Debtors, and creditors of each Debtor may continue to look to that Debtor and that Debtor's assets for payment of their claims. See id. Moreover, the Husband and Wife are each entitled to claim a separate set of exemptions. The transfer of the Truck to the Wife parallels transfers to non-debtors, in that the Husband was placing the Truck out of the reach of his creditors by the transfer itself, rather than merely reclassifying his own property.

Even applying the analysis set forth in Jones and Ford, the Objection to Exemption should be sustained because the extrinsic evidence presented indicates that the transfer in this case was made with the intent to hinder, delay, or defraud creditors. Since intent to hinder, delay, or defraud creditors is rarely admitted by a debtor, courts will consider circumstantial evidence establishing badges of fraud. See Anderson v. Walker (In re Walker), C/A No. 99-09899-JW, Adv. Pro. No. 00-80086-JW (Bankr. D.S.C. Jan. 5, 2001) ("A debtor's intent to hinder or defraud creditors is usually based upon circumstantial evidence or upon inferences drawn from a course of conduct."); Adams v. Filter (In re Filter), C/A No. 99-04462-W; Adv. Pro. No. 99-80370-W (Bankr. D.S.C. Jun. 16, 2000) (stating that courts may infer fraudulent intentions from badges of fraud due to the fact that debtors do not usually admit to having fraudulently transferred or concealed property); Kupetz v. Wolf, 845 F.2d 842, 846 (9th Cir. 1998) (courts rely on badges of fraud because intent is difficult to prove); see also Brown v. Third Nat'l Bank (In re Sherman), 67 F.3d 1348, 1353 (8th Cir. 1995) (proof of actual intent rarely established by direct evidence; must look to circumstantial facts). Examples of the badges

6

of fraud include: the insolvency or indebtedness of the transferor, lack of consideration of the conveyance, relationship between the transferor and the transferee, and the pendency or threat of litigation.  See Coleman v. Daniel, 199 S.E.2d 74, 79 (S.C. 1973).

In the case at hand, the Trustee asserts that the transfer of the Truck from the Husband to the Wife meets the elements of a fraudulent conveyance pursuant to § 548(a)(1), and therefore the exemption asserted in the Truck should be disallowed.  Section 548(a)(1) allows the Trustee to avoid fraudulent transfers.  It provides in relevant part:

> The trustee may avoid any transfer…of an interest of the debtor in property…that was made…within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (A)    made such transfer…with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made…, indebted[.]
> (B)(i)  received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I)  was insolvent on the date that such transfer was made...or become insolvent as a result of such transfer….

Further, the Trustee must prove the elements of § 548 by a preponderance of the evidence. Jones, 397 B.R. at 769; see Ivey v. Crown Mem'l Park, LLC (In re Lee Memory Gardens, Inc.), 2006 WL 996567 (Bankr. M.D.N.C. Apr. 14, 2006) (utilizing the preponderance of evidence standard in regards to matters under § 548).

In this case, the Court concludes that the badges of fraud weigh in favor of finding that the Husband transferred the Truck with an actual intent to hinder, delay, or defraud creditors. Initially, the evidence indicates that the Husband, as transferor, received less than a reasonably equivalent value in exchange for the transfer and was insolvent on the date of the transfer. According to the schedules and statement of affairs, it is evident that Debtors were insolvent at the time the Husband transferred the Truck to the Wife since the transfer occurred a mere five

7

days before their filing of the joint bankruptcy petition and was done in anticipation of the collection process inherent in a Chapter 7 bankruptcy case.

The Truck was transferred to the Wife immediately before the filing of the petition, for no consideration.[6] "[Transfers between related parties], if made without adequate consideration, create a presumption of actual fraudulent intent [for purposes of an avoidance action under § 548(a)(1)(A)]. This presumption establishes the trustee's prima facie case and shifts the burden of proof to the debtor to establish the absence of fraudulent intent." Tavenner v. Smoot, 257 F.3d 401, 408 (4th Cir. 2001). Debtors did not present any evidence that would justify the transfer or otherwise establish the absence of fraudulent intent. Debtors did not demonstrate how the Truck was purchased or used, and they failed to provide any other convincing basis for the Wife to claim ownership to the Truck. Finally, it appears that the Husband retained some benefit to the use and enjoyment of the Truck after the transfer.

Several other courts have found that a transfer for little or no consideration to a close relative is evidence of fraudulent intent. See In re Compton, 70 B.R. 60, 62 (Bankr. W. D.Pa. 1987); In re Butler, 38 B.R. 884 (Bankr. D. Kan. 1984); In re Nazarian, 18 B.R. 143 (Bankr. D.Md. 1982); Matter of Loeber, 12 B.R. 669 (Bankr. D.N.J. 1981); In re Rubin, 12 B.R. 436 (Bankr. S.D.N.Y. 1981). In Compton, the court held that a debtor husband's transfer of one-half interest in his retirement stock and savings account to his co-debtor wife was a fraudulent conveyance under § 548, which would be rescinded, where the husband was insolvent at the time of the transfer, received only $1 as consideration of the transfer, and made the transfer seven

---

[6] Debtors deny that the transfer was for no consideration in their Response to the Trustee's Objection to Exemption; however, they have provided no evidence that the transfer of the Truck was for adequate consideration. Both the transcript of the 341 Meeting and Debtors' Statement of Financial Affairs indicate that the Wife paid nothing for the Truck.

days before he and his wife filed a joint Chapter 7 petition. Further, in Butz v. Wheeler (Matter of Wheeler), 17 B.R. 85 (Bankr. S.D. Ohio 1981), the court found that a gift of an undivided one-half interest in the debtor's 1980 tax refund to his wife, who had no income in 1980, in an attempt to convert nonexempt property into exempt property of his wife constituted a fraudulent conveyance regardless of any actual intent to defraud where the debtor received nothing of legal value in exchange for the assignment and where he was insolvent on the date of the transfer.

Without the transfer or a valid exemption claim in the Truck by the Husband, the Truck would have been available to satisfy the claims of the Husband's creditors. As the Trustee points out, the Husband could have claimed the Truck as exempt using his wild card exemption, but instead chose to use his wild card exemption on other personal property such as a pull-behind trailer, guns, cash, bank accounts, and funds in a health savings account. Depending upon his intent, he could have converted the value in the Truck to other assets exemptible by him to fit within the allowances prescribed by Jones. However, the transfer in question does not fit within these allowances.

For the foregoing reasons, the Court finds that the Trustee has satisfied her burden of proof by a preponderance of the evidence in showing that the Husband's transfer of the Truck to the Wife constituted a fraudulent conveyance against creditors and that the Debtors' claim of an exemption for the Truck should be disallowed. Accordingly, the Trustee's Objection to Exemption is sustained.

**AND IT IS SO ORDERED.**

9